UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 97-10127-CIV-MOORE/O'SULLIVAN

RICHARD P. HOBBS,

    Plaintiff,

v.

THE CITY OF KEY WEST, FLORIDA,
a municipal corporation,

    Defendant.
_____/



## REPORT AND RECOMMENDATION

THIS CAUSE is before the undersigned on Defendant, City of Key West's, Motion for Summary Judgment (DE #53, 2/3/00). On August 24, 1999 this case was referred to United States Magistrate Judge John J. O'Sullivan for all pretrial matters pursuant to 28 U.S.C. §636. Having thoroughly researched the applicable law, having heard oral argument on March 1, 2000, and having carefully considered the premises thereon, it is respectfully recommended that the instant motion be GRANTED.

## BACKGROUND

On December 30, 1997, Plaintiff Richard P. Hobbs, a street performer, commenced this action by filing a complaint (DE #1, 12/30/97). Along with his complaint, plaintiff filed a Motion to Proceed in *Forma Pauperis* (DE #2, 12/30/97) which the District Court granted (DE #4, 1/16/98). On February 24, 1998, the United States Marshals served a copy of the Complaint and Summons on the Mayor of Key West (DE #7, 2/25/98). On August 19, 1998, a "Notice of Appearance of Counsel" was filed on behalf of the plaintiff. (DE # 21). On January 19, 1999, the plaintiff filed an



amended complaint for "declaratory relief, mandatory relief, injunctive relief, compensatory damages and attorney's fees, as authorized by 42 U.S.C. 1983, 42 U.S.C. 1988, 20 U.S.C. 1681, 28 U.S.C. 2201, and 28 U.S.C. 2202." (DE # 25).

Plaintiff is a street performer, and contends that Defendant, City of Key West, prohibited him from conducting his street performances on its public streets and threatened to impose imprisonment upon him if he used public spaces to conduct his performances. (DE #25, 1/19/99). Plaintiff alleged that the City of Key West, and its officials, exerted its power under the color of law thereby violating his First, Fourth, and Fourteenth Amendment rights (DE #25, 1/19/99).

## STANDARD OF REVIEW

The court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323). In assessing whether the moving party has satisfied this burden, the court is required to view the evidence and all factual inferences arising therefrom

2

in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994); Sheckells v. Agv-Usa Corp., 987 F.2d 1532, 1534 (11th Cir. 1993); Browning v. Peyton, 918 F.2d 1516, 1520 (11th Cir. 1990); Clemons v. Dougherty County, Ga., 684 F.2d 1365, 1368 (11th Cir. 1982); Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)(per curiam). If the record presents factual issues, the court must deny the motion and proceed to trial. Adickes, 398 U.S. at 157; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Despite these presumptions in favor of the non-moving party, the court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-323. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex,

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson, 477 U.S. at 251; Matsuchita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The Court is not obligated to deny summary judgment when the evidence favoring the nonmoving party is merely colorable or is not significantly probative. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). To defeat a properly supported motion, a non-

3

movant must present specific facts showing a general issue of material fact exists. Plaintiff has failed to do so.

## DISCUSSION

The plaintiff brought this suit pursuant to 42 U.S.C. § 1983. Section 1983 states, in pertinent part:

> "[e]very person who, under color of any statute...of any state...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities, secured by the Constitution and laws, shall be liable to the party injured..."

42 U.S.C. §1983. This Act provides a remedy for the violation of already established rights. See Wilson v. Garcia, 471 U.S. 261 (1985). In order to establish a violation of 42 U.S.C. §1983, the plaintiff is required to show that he was deprived of a federally protected right by a person acting under color of state law. Patrick v. Floyd Medical Center, 2000 WL 63326, *2 (11th Cir. 2000) (Citations omitted). The plaintiff must also show that an official policy or custom on the part of the City of Key West was the moving force behind any deprivation. Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999). In the present case, Plaintiff Hobbs cannot establish that the City of Key West had a policy or custom that deprived the plaintiff of a federally protected right.

Although the plaintiff contends that he was deprived of his First Amendment rights, there exists little evidence which would support such an allegation and no evidence to support that the City had a policy or custom that resulted in the deprivation of the plaintiff's First Amendment rights. In fact, and contrary to plaintiff's argument, Key West has no ordinance, rule regulation, policy or custom in place which would prohibit an individual from performing on the public streets of Key West. No permit is required to conduct street performances. In fact, the City of Key West

encourages the presence of street performers. Although the City of Key West does have ordinances in place which prohibits activities such as aggressive panhandling (§81.05, City of Key West Code of Ordinances) and obstructing streets or sidewalks (§76.03, City of Key West Code of Ordinances), plaintiff is not directly challenging these ordinances. In actuality, there exists no ordinance plaintiff can point to which would illustrate a policy against street performing.

Plaintiff's freedom to conduct his business as a street performer was in no manner restricted by the City of Key West. It is undisputed that the plaintiff was never arrested by City police officers. (DE # 55, 2/3/00, Plaintiff's deposition taken 1/31/00, pp. 30, 44, 52 and Affidavit of Andrea Shaye Margalli, para. 2). It is further undisputed that no citation was ever issued by the City of Key West against the plaintiff. (DE # 55, 2/3/00, Plaintiff's deposition taken 1/31/00, pp. 30, 44, 51 and Affidavit of Andrea Shaye Margalli, para. 2). The only limitation imposed upon plaintiff was the requirement that he enter a lottery system in order to be chosen to perform during the Sunset Celebration held each evening at Mallory Square in Key West. This system was enacted in response to the popularity of the event and the high number of performers who wished to perform in one of the limited number of slots in Mallory Square. Indeed, this application system operates under due process guidelines (DE # 55, 2/3/00, affidavit of Andrea Shaye Margalli). The existing agreement expressly provides that procedural due process must be in place for applicants. The plaintiff is not challenging the constitutionality of this lottery system. Even if he had done so, the limited number of slots are available on a rotating basis and plaintiff has actually performed in the celebration on several different occasions. Furthermore, plaintiff, as well as anyone else, is free to engage in performances on the public streets around the City of Key West, so long as the performance does not block or obstruct the sidewalk and there is no aggressive panhandling.

5

Plaintiff Hobbs cannot establish that the City of Key West had any policy or custom which resulted in the violation of his First Amendment right to free speech. There were no policies, restrictions, or customs of the City of Key West which prohibited street performance; Thus, no policy, custom, or ordinance caused a constitutional violation. Finally, Plaintiff was never arrested, detained, or cited by a City of Key West police officer or code enforcement officer.

Plaintiff argues that a genuine issue of material fact continues to exist. Although he asserts that he allegedly requested a permit to perform on several occasions, he was simply not issued one because no permit is required for one to perform on the streets of Key West. No state action was implemented here, nor was plaintiff subjected to the deprivation of an established right. The plaintiff testified that he spoke to police officers concerning his desire to perform on the streets (DE # 55, 2/3/00, Plaintiff's deposition taken 1/31/00, pp.31, 61) on five occasions (DE # 55, 2/3/00, Plaintiff's deposition taken 1/31/00, p. 61). The plaintiff, however, was unable to identify any of the police officers with whom he allegedly spoke. (DE # 55, 2/3/00, Plaintiff's deposition taken 1/31/00, pp. 31-32). The plaintiff testified that he wrote down the name or badge number of one of the police officers with whom he spoke, but stated "I don't know for certain that I have that written down and I could locate it." (DE # 55, 2/3/00, Plaintiff's deposition taken 1/31/00, pp.31-32). This is not enough for the plaintiff to defeat Key West's summary judgment motion. To defeat summary judgment, Plaintiff Hobbs "must do something more than simply show that there is some metaphysical doubt as to the material facts." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The plaintiff has failed to do so and thus, cannot defeat the defendant's motion for summary judgment.

## CONCLUSION

In light of the foregoing facts and legal analysis, the undersigned **RECOMMENDS** that Defendant, City of Key West's, Motion for Summary Judgment (DE #53, 2/3/00) be **GRANTED** and all other pending motions be denied as moot.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this ___ day of March, 2000.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

The Honorable K. Michael Moore

Louis M. Jepeway, Jr.
Jepeway and Jepeway, P.A.
19 West Flagler Street, Suite 407
Miami, Florida 33130

Andrea Margalli, Esq.
Key West City Attorney's Office
605 B. Simonton Street
Key West, Florida 33041

Michael Burke
Johnson, Anselmo, Murdoch, Burke & George
790 E. Broward Blvd., Suite 400
P.O. Box 030220
Ft. Lauderdale, FL 33303-0220
Fax (954) 463-2444